Arthur M. Kahn, Esq. Town Attorney, Rochester
You have asked whether the town attorney's secretary, who furnishes services relating only to the attorney's private practice, may also be a member of the town board.
The common law doctrine of compatibility of office is not applicable here since the doctrine concerns whether a person may hold simultaneously two or more public offices or positions of employment. Your question involves the holding of a public office and a position of employment in the private sector. However, the governing body of a town is required to adopt a code of ethics which in part must include standards for officers and employees with respect to disclosure of interests in legislation before the local governing body and with respect to private employment in conflict with official duties (General Municipal Law, § 806[1]). Therefore, you should review the town's code of ethics to determine whether there is an applicable restriction or prohibition.
In any event, we believe that a public officer has the responsibility to exercise his official duties solely in the public interest. Public officers should avoid private employment and other circumstances which compromise their ability to make impartial judgments. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. In our view, the town board member should avoid participating in any matter which may compromise these standards, such as the employment, compensation and other conditions of employment of the town attorney. Further, since the town attorney provides legal advice to the town board, the board is likely to be faced with decisions whether to heed the recommendations of the attorney. In our view, these situations create a conflict or at least an appearance of conflict for the board member who is also an employee of the attorney. We believe that the board member should recuse herself in these situations. Further, if the working relationship between the board and the attorney in your town is such that these situations occur pervasively, in our opinion the person should not hold both positions. Otherwise, the frequent recusals will diminish the effectiveness of the board as a legislative body. Obviously, we are not in a position to evaluate the nature of the relationship between the town attorney and the town board of your town.
We conclude that a private secretary to the town attorney who is also a member of the town board should avoid participating in matters affecting the employment, salary, and other conditions of employment of the town attorney and in decisions on advice offered by the town attorney. Further, if these situations occur pervasively the person should not hold both positions.